UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Leon Carp, individually and on behalf of others similarly situated,

Plaintiff,

v.

T-Mobile USA, Inc.

Defendant.

No.

COMPLAINT—CLASS ACTION.

JURY DEMAND

Plaintiff Leon Carp, individually and on behalf of all others similarly situated ("Plaintiff"), brings this action against Defendant T-Mobile USA, Inc. ("T-Mobile" or "Defendant"), seeking monetary damages, restitution, and/or injunctive relief for the proposed Class and Subclasses, as defined below. Plaintiff makes the following allegations upon information and belief, the investigation of his counsel, and personal knowledge or facts that are a matter of public record.

## I.    INTRODUCTION

1.    The release, disclosure, and publication of sensitive, private data can be devasting. Not only is it an intrusion of privacy and a loss of control, but it is a harbinger of

COMPLAINT - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

identity theft: for victims of a data breach, the risk of identity theft more than quadruples.[1] A data breach can have a grave consequences for victims for years after the actual date of the breach—with the obtained information thieves can wreak many forms of havoc: open new financial accounts, take out loans, obtain medical services, obtain government benefits, and/or obtain driver's licenses in the victims' names, forcing victims to maintain a constant vigilance over the potential misuse of their information.

2.     Washington based cellular provider T-Mobile markets itself as a sophisticated, reliable network provider that sets itself apart by its "100% customer commitment."[2] T-Mobile represents that "[a]t T-Mobile, privacy and security is of utmost importance," and that the company "take[s] our customer and prospective customer privacy VERY seriously."[3]

3.     Despite this representation, on August 15, 2021, Vice Media broke news that an anonymous seller was auctioning "a mountain of personal data" from T-Mobile servers on an underground forum.[4] "The data includes social security numbers, phone numbers, names, physical addresses, unique IMEI numbers, and driver licenses information [downloaded locally from T-Mobile servers], the seller said."[5]

---

[1] Dave Maxfield & Bill Latham, Data Breaches: Perspectives from Both Sides of the Wall, S.C. Lawyer (May 2014).

[2] *Un-Carrier History*, T-Mobile, https://www.t-mobile.com/our-story/un-carrier-history (last visited Aug. 19, 2021).

[3] John Legere, *A Letter from CEO John Legere on Experian Data Breach*, T-Mobile (Sept. 30, 2015), https://www.t-mobile.com/news/blog/experian-data-breach (last visited Aug. 19, 2021).

[4] Joseph Cox, *T-Mobile Investigating Claims of Massive Customer Data Breach*, Motherboard: Tech by Vice (Aug. 15, 2021), https://www.vice.com/en/article/akg8wg/tmobile-investigating-customer-data-breach-100-million (last visited Aug. 19, 2021).

[5] *Id.*

COMPLAINT - 2

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.	T-Mobile subsequently confirmed that "a subset of T-Mobile data had been accesed by unauthorized individuals" and that "the data stolen from our systems did include some personal information."[6]

5.	As a result of the Data Breach, through which their Personally Identifiable Information ("PII") was compromised, disclosed, and obtained by unauthorized third parties, Plaintiff and the other Class Members have suffered concrete damages and are now exposed to a heightened and imminent risk of fraud and identity theft, for a period of years, if not decades. Furthermore, Plaintiff and the Class Members must now and in the future closely monitor their financial accounts to guard against identity theft, at their own expense. Consequently, Plaintiff and the other Class Members will incur ongoing out-of-pocket costs for, *e.g.*, purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

6.	By this Complaint, Plaintiff seeks to remedy these harms on behalf of themselves and all similarly-situated individuals whose Private Information was accessed during the Data Breach.

## II.	JURISDICTION, VENUE, AND CHOICE OF LAW

7.	This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, *et seq.*, because at least one member of the Class, as defined below, is a citizen of a different state than T-Mobile, there are more than 100 members of the Class, and the aggregate

---

[6] *T-Mobile Shares Additional Information Regarding Ongoing Cyberattack Investigation*, T-MOBILE (Aug. 17, 2021), https://www.t-mobile.com/news/network/additional-information-regarding-2021-cyberattack-investigation (last visited Aug. 19, 2021).

COMPLAINT - 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

amount in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

8. The Court has personal jurisdiction over this action because T-Mobile maintains its principal place of business in this District, has sufficient minimum contacts with this District, and has purposefully availed itself of the privilege of doing business in this District such that it could reasonably foresee litigatioin being brought in this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(a) through (d) because T-Mobile's principal place of business is located in this District and a substantial part of the events or omissions giving rise to the claims occurred in, was directed to, and/or emanated from this District.

### III. PARTIES

**A. Plaintiff Leon Carp**

10. Plaintiff Leon Carp is a citizen of and is domiciled in the state of Washington.

11. Plaintiff Carp is a customer of T-Mobile.

12. Plaintiff Carp provided confidential and sensitive PII to T-Mobile, as requested and required by T-Mobile for the provision of its services. T-Mobile obtained and continues to maintain Plaintiff Carp's PII and has a legal duty and obligation to protect that PII from unauthorized access and disclosure.

13. Plaintiff Carp would not have entrusted his PII to T-Mobile had he known that T-Mobile failed to maintain adequate data security.

14. On Monday, August 16, 2021, in response to news reports regarding the Data Breach, Plaintiff Carp contacted T-Mobile, and was advised that his PII did not appear to have been compromised.

COMPLAINT - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

15. On or about Thursday, August 19, 2021 Plaintiff Carp received notice from T-Mobile that his PII had been compromised and disclosed in the Data Breach, contrary to T-Mobile's previous representations.

16. Plaintiff Carp subsequently spent several hours taking action to mitigate the impact of the Data Breach, including researching the Data Breach, researching ways to protect himself from data breaches, and reviewing his financial accounts for fraud or suspicious activity. He now plans to spend several hours a month checking account statements for irregularities.

17. As a result of the Data Breach, Plaintiff Carp has suffered emotional distress as a result of the release of his PII, which he expected T-Mobile to protect from disclosure, including anxiety, concern, and unease about unauthorized parties viewing and potentially using his PII. As a result of the Data Breach, Plaintiff Carp anticipates spending considerable time and money to contain the impact of the Data Breach.

**B.    Defendant T-Mobile**

18. Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. T-Mobile is a wireless network operator and the second largest wireless carrier in the United States. It provides wireless voice and data services for approximately 105 million subscribers.

19. In the course of its business, T-Mobile collects names, phone numbers, social security numbers, physical addresses, drivers license information, and other information from its customers and prospective customers.

COMPLAINT - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## IV.    FACTUAL BACKGROUND

**A.    T-Mobile Failed to Adequately Protect Customer Data, Resulting in the Data Breach**

20.    Upon information and belief, on or about August 15, 2021, an anonymous individual posted for sale a collection of data containing 30 million social security numbers and driver licenses, pulled from T-Mobile servers.[7] The seller claimed to have additional data related to more than 100 million people—all T-Mobile customers.[8]

21.    After learning of the breach through online reports of the attempted sale of personal data belonging to its customers, T-Mobile investigated further and discovered that "a subset of T-Mobile data had been accessed by unauthorized individuals," and that the stolen data included full names, dates of birth, social security numbers, and driver's license information of current and former customers (the "Data Breach").[9] It admits that the cyberattack accessed the personal information of at least "7.8 million current subscribers, as well as records of 40 million people who previously applied for credit."[10]

22.    Five days after news of the Data Breach broke, T-Mobile announced that:

Our investigation is ongoing and will continue for some time, but at this point, we are confident that we have closed off the access and egress points the bad actor used in the attack. Below is what we know to date.

- We previously reported information from approximately 7.8 million current T-Mobile postpaid customer accounts that included first and last names, date of birth, SSN, and driver's license/ID information was compromised. We have now also determined that phone numbers, as well as IMEI and IMSI information, the typical identifier numbers associated

---

[7] Cox, *supra* note 4.

[8] *Id.*

[9] *T-Mobile Shares Additional Information Regarding Ongoing Cyberattack Investigation*, *supra* note 6.

[10] Hamza Shaban, *T-Mobile says hackers stole data of more than 40 million people*, THE WASHINGTON POST (Aug. 18, 2021), https://www.washingtonpost.com/business/2021/08/18/t-mobile-data-breach-hackers/ (last visited Aug. 19, 2021).

COMPLAINT - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

with a mobile phone, were also compromised. Additionally, we have since identified another 5.3 million current postpaid customer accounts that had one or more associated customer names, addresses, date of births, phone numbers, IMEIs and IMSIs illegally accessed. These additional accounts did not have any SSNs or driver's license/ID information compromised.

- We also previously reported that data files with information from about 40 million former or prospective T-Mobile customers, including first and last names, date of birth, SSN, and driver's license/ID information, were compromised. We have since identified an additional 667,000 accounts of former T- Mobile customers that were accessed with customer names, phone numbers, addresses and dates of birth compromised. These additional accounts did not have any SSNs or driver's license/ID information compromised.

- Separately, we have also identified further stolen data files including phone numbers, IMEI, and IMSI numbers. That data included no personally identifiable information.

- We continue to have no indication that the data contained in any of the stolen files included any customer financial information, credit card information, debit or other payment information.

- As we previously reported, approximately 850,000 active T-Mobile prepaid customer names, phone numbers and account PINs were exposed. We have proactively reset ALL of the PINs on these accounts. Similar information from additional inactive prepaid accounts was also accessed. In addition, up to 52,000 names related to current Metro by T-Mobile accounts may have been included. None of these data sets included any personally identifiable information. Further, none of the T-Mobile files stolen related to former Sprint prepaid or Boost customers.[11]

23. This is not T-Mobile's first experience with a data breach—despite collecting private information from customers in the ordinary course of business, this marks the fifth breach for T-Mobile in the past three years. In August 2018, sensitive information for over 2 million T-Mobile customers was exposed.[12] In November 2019, approximately 1 million T-Mobile users'

---

[11] *T-Mobile Shares Updated Information Regarding Ongoing Investigation into Cyberattack*, T-MOBILE (Aug. 20, 2021), https://www.t-mobile.com/news/network/additional-information-regarding-2021-cyberattack-investigation (last visited Aug. 20, 2021).
[12] Alicia Hope, *Second Data Breach in 2020 for T-Mobile Exposed Customer and Call-Related Information of 200,000 subscribers*, CPO MAGAZINE (Jan. 11, 2021),

COMPLAINT - 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

names, addresses, phone numbers, account numbers, rate plans, and customer proprietary

network information was accessed by hackers.[13] Less than six months later, in March 2020, an

unknown number of customers' names, addresses, phone numbers, account numbers, rate plans

and features, and billing information was accessed by hackers.[14] Later that year, the private

information of approximately 200,000 customers' data was exposed in yet another breach.[15]

24.     After each of these breaches, T-Mobile reiterated that it takes the security of

customer information "seriously" and reassured customers that it has "a number of safeguards in

place to protect customer information from unauthorized access,"[16] going so far as to claim that

it safeguards customer information with the "utmost concern."[17] Further, T-Mobile's Privacy

Notice reiterates the company's purported commitment to securing customers' data:

> We use administrative, technical, contractual, and physical safeguards designed to
> protect your data while it is under our control. For example, when you contact us
> by phone or visit us in our stores, we have procedures in place to make sure that
> only the primary account holder or authorized users have access.[18]

---

https://www.cpomagazine.com/cyber-security/second-data-breach-in-2020-for-t-mobile-exposed-customer-and-call-related-information-of-200000-subscribers/ (last visited Aug. 19, 2021).

[13] Dewin Coldewey, *More than 1 million T-Mobile customers exposed by breach*, TECHCRUNCH (Nov. 22, 2019), https://techcrunch.com/2019/11/22/more-than-1-million-t-mobile-customers-exposed-by-breach/ (last visited Aug. 19, 2021).

[14] *T-Mobile's Data Breach Exposes Customer's Data and Financial Information*, SECURITY MAGAZINE (Mar. 6, 2020), https://www.securitymagazine.com/articles/91856-t-mobiles-data-breach-exposes-customers-data-and-financial-information (last visited Aug. 19, 2021).

[15] Hope, *supra* note 12.

[16] *See, e.g.*, Letter to Customers from T-Mobile, https://www.t-mobile.com/customers/6305378822 (last visited Aug. 19, 2021); *Notice of Security Incident*, T-MOBILE, https://www.t-mobile.com/responsibility/consumer-info/security-incident (last visited Aug. 19, 2021).

[17] *Notice of Data Breach: Keeping you safe from cybersecurity threats*, T-MOBILE (Aug. 19, 2021), https://www.t-mobile.com/brand/data-breach-2021 (last visited Aug. 20, 2021).

[18] *Privacy Notice*, T-MOBILE (May 5, 2021), https://www.t-mobile.com/privacy-center/our-practices/privacy-policy (last visited Aug. 20, 2021).

COMPLAINT - 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1      25.     The T-Mobile Privacy Center website also prominently reiterates these

2  representations[19]:




**The privacy you deserve, the choices you want.**

Our Privacy Center makes it easy to learn about what information we collect, how we use and protect it, and the choices you can make. Because we believe it shouldn't take a law degree to understand how companies use data.

See Privacy Notices

**With T-Mobile, you don't have to worry.**

Our privacy principles mean you can trust us to do the right thing with your data.

**Transparency**

We're open and honest about our privacy practices.

**Control**

We put you in control with clear, simple data choices.

**Education**

We help you understand privacy and data use so you can make the right choices.

**Protection**

We provide tools to help keep you protected.

**We've got your back.**

We're always working to protect you and your family and keep your data secure.

21     26.     Despite these representations, T-Mobile has continued to experience data

22  breaches with increasing regularity and severity; yet the recent breach at issue in this litigation

---

[19] *Privacy Center*, T-Mobile, https://www.t-mobile.com/privacy-center (last visited Aug. 20, 2021).

COMPLAINT - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

was described by a security and risk analyst at Forrester Research as "the worst breach they've had so far."[20]

27.     T-Mobile was familiar with its obligations—created by contract, industry standards, common law, and representations to its customers—to protect customer information. Plaintiff and Class Members provided their Private Information to T-Mobile with the reasonable expectation that T-Mobile would comply with its obligations to keep such information confidential and secure.

28.     T-Mobile failed to comply with these obligations, resulting in the Data Breach. Plaintiff and Class Members now face years of constant surveillance of their financial and personal records.

**B.      The Data Breach Puts Consumers at Increased Risk of Fraud and Identity Theft**

29.     An identity thief uses victims' PII, such as name, address, and other sensitive and confidential information, without permission, to commit fraud or other crimes that range from immigration fraud, obtaining a driver's license or identification card, obtaining government benefits, and filing fraudulent tax returns to obtain tax refunds.

30.     Moreover, a security and identity theft expert for Credit Sesame has compared a person's Social Security number—which was compromised in the Data Breach—to a person's "secret sauce," which is as good as DNA to hackers.[21]

---

[20] Chris Velazco, *Here's what to do if you think you're affected by T-Mobile's big data breach*, THE WASHINGTON POST (Aug. 19, 2021), https://www.washingtonpost.com/technology/2021/08/19/t-mobile-data-breach-what-to-do/ (last visited Aug. 19, 2021) (quoting Allie Mellen, Forrester Research).

[21] Cameron Huddleston, *How to Protect Your Kids from the Anthem Data Breach,* Kiplinger, (Feb. 10, 2015), http://www.kiplinger.com/article/credit/T048-C011-S001-how-to-protect-your-kids-from-the-anthem-data-brea.html#djkDlop4XkCzI4LO.99 (last visited Aug. 20, 2021).

COMPLAINT - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

31.     Identity thieves can also use a victim's PII to open new financial accounts, incur charges in the victim's name, take out loans in the victim's name, and incur charges on existing accounts of the victim. Despite T-Mobile's repeated assurance that it has "no indication that personal financial or payment information, credit or debit card information, account numbers, or account passwords were accessed" in the Data Breach,[22] Plaintiff's finances are now at risk due to the Data Breach.

32.     Identity theft is the most common consequence of a data breach—it occurs to 65% of data breach victims.[23] Consumers lost more than $56 billion to identity theft and fraud in 2020, and over 75% of identity theft victims reported emotional distress.[24]

33.     Plaintiff Carp is now in the position of having to take steps to mitigate the damages caused by the Data Breach. However, even if Plaintiff and Class Members take all possible steps, they will remain at risk: when consumers and borrowers have their Social Security numbers stolen through a data breach, they have to wait until they become victims of Social Security number misuse before they can obtain a new one. Even then, the Social Security Administration has warned that a new Social Security number may not solve all problems, will not guarantee a fresh start, and can create new problems. For example, a new Social Security number has a completely blank credit history, making it difficult to get credit for years unless it is linked to the compromised number.[25]

---

[22] *Notice of Data Breach*, *supra* note 17.
[23] Eugene Bekker, *What Are Your Odds of Getting Your Identity Stolen?*, IDENTITYFORCE (Apr. 15, 2021), https://www.identityforce.com/blog/identity-theft-odds-identity-theft-statistics (last visited Aug. 20, 2021).
[24] *Id.*
[25] Huddleston, *supra* note 21.

COMPLAINT - 11

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

34.     Once use of compromised non-financial PII is detected, the emotional and economic consequences to the victims are significant. Studies done by the ID Theft Resource Center, a non-profit organization, found that victims of identity theft had marked increased fear for personal financial security. The report attributes this to more people having been victims before, contributing to greater awareness and understanding that they may suffer long term consequences from this type of crime.[26]

35.     T-Mobile is aware of these consequences to Plaintiff and Class Members, as evidenced by its response to the Data Breach, which recommends to customers that they "take proactive steps regularly to protect your data and identity."[27]

36.     T-Mobile failed to protect and safeguard Plaintiff's and Class Members' private information, in fact failing to adhere to even its most basic obligations. As a result, Plaintiff and Class Members have suffered or will suffer actual injury, including loss of privacy, costs, and loss of time.

## V.     CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a proposed nationwide class (the "Class"), defined as:

> All natural persons in the United States whose Personally Identifying Information was compromised as a result of the Data Breach.

38.     In addition, the state subclass is defined as follows:

> **Washington Subclass:** All natural persons in the State of Washington whose Personally Identifying Information was compromised as a result of the Data Breach.

---

[26] Identity Theft: The Aftermath 2013, Identity Theft Resource Center, http://www.idtheftcenter.org/images/surveys_studies/Aftermath2013.pdf (last visited Aug. 20, 2021).

[27] *Notice of Data Breach*, *supra* note 17.

COMPLAINT - 12

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

39. **Numerosity and Ascertainability:** Plaintiff does not know the exact size of the Class or identity of the Class Members, since such information is in the exclusive control of Defendant. Nevertheless, the Class encompasses tens of thousands of individuals dispersed throughout the United States. The number of Class Members is so numerous that joinder of all Class Members is impracticable. The names, addresses, and phone numbers of Class Members are identifiable through documents maintained by Defendant.

40. **Commonality and Predominance:** This action involves common questions of law and fact which predominate over any question solely affecting individual Class Members. These common questions include:

    A.    whether Defendant engaged in the conduct alleged herein;

    B.    whether Defendant had a legal duty to use reasonable security measures to protect Plaintiff's and Class Members' PII;

    C.    whether Defendant timely, accurately, and adequately informed Plaintiff and Class Members that their PII had been compromised;

    D.    whether Defendant breached its legal duty by failing to protect the PII of Plaintiff and Class Members;

    E.    whether Defendant acted reasonably in securing the PII of Plaintiff and Class Members;

    F.    whether Plaintiff and Class Members are entitled to injunctive relief;

    G.    and whether Plaintiff and Class Members are entitled to damages and equitable relief.

41. **Typicality:** Plaintiff's claims are typical of the other Class Members' claims because all Class Members were comparably injured through Defendant's substantially uniform

COMPLAINT - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

misconduct, as described above. Plaintiff Carp is advancing the same claims and legal theories on behalf of himself and all other members of the Class that he represents, and there are no defenses that are unique to Plaintiff. The claims of Plaintiff and Class Members arise from the same operative facts and are based on the same legal theories.

42. **Adequacy:** Plaintiff Carp is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class he seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class's interest will be fairly and adequately protected by Plaintiff and his counsel.

43. **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages and other detriment suffered by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be virtually impossible for the Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not; individualized litigation creates a potential for inconsistent or contradictory judgments, increases the delay and expense to the parties, and increases the expense and burden to the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by this Court.

COMPLAINT - 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# VI. CAUSES OF ACTION

## COUNT I
## NEGLIGENCE
### (On Behalf of the Nationwide Class and the Washington Subclass)

44.     Plaintiff incorporates all foregoing factual allegations as if fully set forth herein.

45.     T-Mobile owed a duty to Plaintiff and Class Members, arising from the sensitivity of the information, the expectation the information was going to be kept private, and the foreseeability of its data safety shortcomings resulting in an intrusion, to exercise reasonable care in safeguarding their sensitive personal information. This duty included, among other things, designing, implementing, maintaining, monitoring, and testing T-Mobile's networks, systems, protocols, policies, procedures and practices to ensure that Plaintiff's and Class Members' information was adequately secured from unauthorized access.

46.     T-Mobile's Privacy Notice acknowledged T-Mobile's duty to adequately protect Plaintiff's and Class Members' PII.

47.     T-Mobile owed a duty to Plaintiff and Class Members to implement administrative, physical and technical safeguards, such as intrusion detection processes that detect data breaches in a timely manner, to protect and secure Plaintiff's and Class Members' PII.

48.     T-Mobile also had a duty to only maintain PII that was needed to serve customer needs.

49.     T-Mobile owed a duty to disclose the material fact that its data security practices were inadequate to safeguard Plaintiff's and Class Members' PII.

COMPLAINT - 15

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

50.     T-Mobile also had independent duties under Plaintiff's and Class Members' state laws that required T-Mobile to reasonably safeguard Plaintiff's and Class Members' PII, and promptly notify them about the Data Breach.

51.     T-Mobile had a special relationship with Plaintiff and Class Members as a result of being entrusted with their PII, which provided an independent duty of care. Plaintiff's and Class Members' willingness to entrust T-Mobile with their PII was predicated on the understanding that T-Mobile would take adequate security precautions. Moreover, T-Mobile was capable of protecting its networks and systems, and the PII it stored on them, from unauthorized access.

52.     T-Mobile breached its duties by, among other things: (a) failing to implement and maintain adequate data security practices to safeguard Plaintiff's and Class Members' PII, including administrative, physical and technical safeguards; (b) failing to detect the Data Breach in a timely manner; and (c) failing to disclose that its data security practices were inadequate to safeguard Plaintiff's and Class Members' PII.

53.     But for T-Mobile's breach of its duties, including its duty to use reasonable care to protect and secure Plaintiff's and Class Members' PII, Plaintiff's and Class Members' PII would not have been accessed by unauthorized parties.

54.     Plaintiff and Class Members were foreseeable victims of T-Mobile's inadequate data security practices. T-Mobile knew or should have known that a breach of its data security systems would cause damage to Plaintiff and Class Members.

55.     It was reasonably foreseeable that the failure to reasonably protect and secure Plaintiff's and Class Members' PII would result in unauthorized access to T-Mobile's networks, databases, and computers that stored or contained Plaintiff's and Class Members' PII.

COMPLAINT - 16

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

56. As a result of T-Mobile's negligent failure to prevent the Data Breach, Plaintiff and Class Members suffered injury, which includes but is not limited to exposure to a heightened and imminent risk of fraud, identity theft, and financial harm. Plaintiff and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiff and Class Members have also incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring services, and other protective measures to deter and detect identity theft. The unauthorized acquisition of Plaintiff's and Class Members' PII has also diminished the value of the PII.

57. The harm to Plaintiff and Class Members was a proximate, reasonably foreseeable result of T-Mobile's breaches of its aforementioned duties.

58. Therefore, Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

## COUNT II
## NEGLIGENCE PER SE
### (On Behalf of the Nationwide Class and the Washington Subclass)

59. Plaintiff incorporates all foregoing factual allegations as if fully set forth herein.

60. Under the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, T-Mobile had a duty to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and Class Members' PII.

61. In addition, under state data security statutes, T-Mobile had a duty to implement and maintain reasonable security procedures and practices to safeguard Plaintiff's and Class Members' PII.

62. T-Mobile breached its duties to Plaintiff and Class Members, under the Federal Trade Commission Act, 15 U.S.C. § 45, ("FTCA") and the state data security statutes, by failing

COMPLAINT - 17

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiff's and Class Members' PII.

63. Plaintiff and Class Members were foreseeable victims of T-Mobile's violations of the FTCA and state data security statutes. T-Mobile knew or should have known that its failure to implement reasonable measures to protect and secure Plaintiff's and Class Members' PII would cause damage to Plaintiff and Class Members.

64. T-Mobile's failure to comply with the applicable laws and regulations constitutes negligence *per se.*

65. But for T-Mobile's violation of the applicable laws and regulations, Plaintiff's and Class Members' PII would not have been accessed by unauthorized parties.

66. As a result of T-Mobile's failure to comply with applicable laws and regulations, Plaintiff and Class Members suffered injury, which includes but is not limited to the exposure to a heightened and imminent risk of fraud, identity theft, financial and other harm. Plaintiff and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiff and Class Members also have incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring services, and other protective measures to deter or detect identity theft. The unauthorized acquisition of Plaintiff's and Class Members' PII has also diminished the value of the PII.

67. The harm to Plaintiff and the Class Members was a proximate, reasonably foreseeable result of T-Mobile's breaches of the applicable laws and regulations.

68. Therefore, Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

COMPLAINT - 18

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COUNT III**
**GROSS NEGLIGENCE**
**(On Behalf of the Nationwide Class and the Washington Subclass)**

69.     Plaintiff incorporates all foregoing factual allegations as if fully set forth herein.

70.     Plaintiff and Class Members entrusted T-Mobile with highly-sensitive and inherently personal private data subject to confidentiality laws.

71.     In requiring, obtaining and storing Plaintiff's and Class Members' PII, T-Mobile owed a duty of reasonable care in safeguarding the PII.

72.     T-Mobile's networks, systems, protocols, policies, procedures and practices, as described above, were not adequately designed, implemented, maintained, monitored and tested to ensure that Plaintiff's and Class Members' PII were secured from unauthorized access.

73.     T-Mobile's networks, systems, protocols, policies, procedures and practices, as described above, were not reasonable given the sensitivity of the Plaintiff's and Class Members' private data and the known vulnerabilities of T-Mobile's systems.

74.     T-Mobile did not comply with state and federal laws and rules concerning the use and safekeeping of this private data.

75.     Upon learning of the Data Breach, T-Mobile should have immediately disclosed the Data Breach to Plaintiff and Class Members, credit reporting agencies, the Internal Revenue Service, financial institutions and all other third parties with a right to know and the ability to mitigate harm to Plaintiff and Class Members as a result of the Data Breach.

76.     Despite knowing its networks, systems, protocols, policies, procedures and practices, as described above, were not adequately designed, implemented, maintained, monitored and tested to ensure that Plaintiff's and Class Members' PII were secured from

COMPLAINT - 19

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

unauthorized access, T-Mobile ignored the inadequacies and was oblivious to the risk of unauthorized access it had created.

77. T-Mobile's behavior establishes facts evidencing a reckless disregard for Plaintiff's and Class Members' rights.

78. T-Mobile, therefore, was grossly negligent.

79. T-Mobile's negligence also constitutes negligence per se.

80. The negligence is directly linked to injuries.

81. As a result of T-Mobile's reckless disregard for Plaintiff's and Class Members' rights by failing to secure their PII, despite knowing its networks, systems, protocols, policies, procedures and practices were not adequately designed, implemented, maintained, monitored and tested, Plaintiff and Class Members suffered injury, which includes but is not limited to the exposure to a heightened, imminent risk of fraud, identity theft, financial and other harm. Plaintiff and Class Members must monitor their financial accounts and credit histories more closely and frequently to guard against identity theft. Plaintiff and Class Members also have incurred, and will continue to incur on an indefinite basis, out-of-pocket costs for obtaining credit reports, credit freezes, credit monitoring services, and other protective measures to deter or detect identity theft. The unauthorized acquisition of Plaintiff's and Class Members' PII has also diminished the value of the PII.

82. The harm to Plaintiff and the Class Members was a proximate, reasonably foreseeable result of T-Mobile's breaches of the applicable laws and regulations.

83. Therefore, Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

COMPLAINT - 20

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT IV
## BREACH OF EXPRESS CONTRACTS
### (On Behalf of the Nationwide Class and Washington Subclass)

84. Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

85. Plaintiff and members of the Class, additionally and alternatively, allege that they entered into valid and enforceable express contracts with T-Mobile.

86. Under these express contracts, T-Mobile promised and was obligated to: (a) provide services to Plaintiff and Class Members; and (b) protect Plaintiff's and the Class Members' PII. In exchange, Plaintiff and members of the Class agreed to pay money for these services.

87. Both the provision of services, as well as the protection of Plaintiff's and Class Members' PII, were material aspects of these contracts.

88. T-Mobile's express representations, including, but not limited to, express representations found in T-Mobile's Privacy Notice, formed an express contract requiring T-Mobile to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' PII.

89. Alternatively, the express contracts included implied terms requiring T-Mobile to implement data security adequate to safeguard and protect the confidentiality of Plaintiff's and Class Members' PII, including in accordance with federal, state and local laws, and industry standards.

90. Consumers value their privacy, the privacy of their dependents, and the ability to keep their PII associated with obtaining services private. To customers such as Plaintiff and Class Members, services that do not adhere to industry-standard data security protocols to protect

COMPLAINT - 21

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

PII are fundamentally less useful and less valuable than services that adhere to industry-standard data security. Plaintiff and Class Members would not have entered into these contracts with T-Mobile without an understanding that their PII would be safeguarded and protected.

91.     A meeting of the minds occurred, as Plaintiff and members of the Class provided their PII to T-Mobile and paid for the provided services in exchange for, amongst other things, protection of their PII.

92.     T-Mobile materially breached the terms of these express contracts, including but not limited to the terms stated in the relevant Privacy Notice. Specifically, T-Mobile did not comply with federal, state and local laws, or industry standards, or otherwise protect Plaintiff's and the Class Members' PII, as set forth above. Further, on information and belief, T-Mobile has not yet provided Data Breach notifications to some affected Class Members who may already be victims of identity fraud or theft or are at imminent risk of becoming victims of identity theft or fraud associated with PII that they provided to T-Mobile. These Class Members are as yet unaware of the potential source for the compromise of their PII.

93.     The Data Breach was a reasonably foreseeable consequence of T-Mobile's actions in breach of these contracts.

94.     As a result of T-Mobile's failure to fulfill the data security protections promised in these contracts, Plaintiff and members of the Class did not receive the full benefit of the bargain, and instead received services that were of a diminished value to that described in the contracts. Plaintiff and Class Members, therefore, were damaged in an amount at least equal to the difference in the value of the secure services they paid for and the services they received.

COMPLAINT - 22

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

95.     Had T-Mobile disclosed that its security was inadequate or that it did not adhere to industry-standard security measures, neither Plaintiff, the Class Members, nor any reasonable person would have purchased services from T-Mobile.

96.     As a result of T-Mobile's breach, Plaintiff and Class Members suffered actual damages resulting from the theft of their PII, as well as the loss of control of their PII, and remain in imminent risk of suffering additional damages in the future.

97.     As a result of T-Mobile's breach, Plaintiff and the Class Members have suffered actual damages resulting from their attempt to mitigate the effects of the breach of contract and subsequent Data Breach, including but not limited to, taking steps to protect themselves from the loss of their PII.

98.     Accordingly, Plaintiff and the other members of the Class have been injured as a result of T-Mobile's breach of contracts and are entitled to damages and/or restitution in an amount to be determined at trial.

## COUNT V
## BREACH OF IMPLIED CONTRACTS
### (On Behalf of the Nationwide Class and Washington Subclass)

99.     Plaintiff incorporates all foregoing factual allegations as if fully set forth herein.

100.    Plaintiff and Class Members were required to provide their PII to obtain services from T-Mobile. Plaintiff and Class Members entrusted their PII to T-Mobile in order to obtain services from them.

101.    By providing their PII, and upon T-Mobile's acceptance of such information, Plaintiff and Class Members on one hand, and T-Mobile on the other hand, entered into implied contracts for the provision of adequate data security, separate and apart from any express

COMPLAINT - 23

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

contracts concerning the services provided, whereby T-Mobile was obligated to take reasonable steps to secure and safeguard that information.

102. T-Mobile had an implied duty of good faith to ensure that the PII of Plaintiff and Class Members in its possession was only used in accordance with their contractual obligations.

103. T-Mobile was therefore required to act fairly, reasonably, and in good faith in carrying out its contractual obligations to protect the confidentiality of Plaintiff's and Class Members' PII and to comply with industry standards and state laws and regulations for the security of this information, and T-Mobile expressly assented to these terms in its Privacy Notice as alleged above.

104. Under these implied contracts for data security, T-Mobile was further obligated to provide Plaintiff and all Class Members, with prompt and sufficient notice of any and all unauthorized access and/or theft of their PII.

105. Plaintiff and Class Members performed all conditions, covenants, obligations, and promises owed to T-Mobile, including paying for the services provided by T-Mobile and/or providing the PII required by T-Mobile.

106. T-Mobile breached the implied contracts by failing to take adequate measures to protect the confidentiality of Plaintiff's and Class Members' PII, resulting in the Data Breach. T-Mobile unreasonably interfered with the contract benefits owed to Plaintiff and Class Members.

107. Further, on information and belief, T-Mobile has not yet provided Data Breach notifications to some affected Class Members who may already be victims of identity fraud or theft, or are at imminent risk of becoming victims of identity theft or fraud, associated with the

COMPLAINT - 24

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

PII that they provided to T-Mobile. These Class Members are unaware of the potential source for the compromise of their PII.

108. The Data Breach was a reasonably foreseeable consequence of T-Mobile's actions in breach of these contracts.

109. As a result of T-Mobile's conduct, Plaintiff and Class Members did not receive the full benefit of the bargain, and instead received services that were of a diminished value as compared to the secure services they paid for. Plaintiff and Class Members, therefore, were damaged in an amount at least equal to the difference in the value of the secure services they paid for and the services they received.

110. Neither Plaintiff, Class Members, nor any reasonable person would have provided their PII to T-Mobile had T-Mobile disclosed that its security was inadequate or that it did not adhere to industry-standard security measures.

111. As a result of T-Mobile's breach, Plaintiff and Class Members have suffered actual damages resulting from theft of their PII, as well as the loss of control of their PII, and remain in imminent risk of suffering additional damages in the future.

112. As a result of T-Mobile's breach, Plaintiff and the Class Members have suffered actual damages resulting from their attempt to mitigate the effect of the breach of implied contract and subsequent Data Breach, including but not limited to taking steps to protect themselves from the loss of their PII. As a result, Plaintiff and the Class Members have suffered actual identity theft and the ability to control their PII.

113. Accordingly, Plaintiff and Class Members have been injured as a result of T-Mobile's breach of implied contracts and are entitled to damages and/or restitution in an amount to be proven at trial.

COMPLAINT - 25

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT VI
## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
### (On Behalf of the Nationwide Class and Washington Subclass)

114. Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

115. Plaintiff and Class Members entered into and/or were the beneficiaries of contracts with Defendant, as alleged above.

116. These contracts were subject to implied covenants of good faith and fair dealing that all parties would act in good faith and with reasonable efforts to perform their contractual obligations—both explicit and fairly implied—and would not impair the rights of the other parties to receive their rights, benefits, and reasonable expectations under the contracts. These included the covenants that Defendant would act fairly, reasonably, and in good faith in carrying out their contractual obligations to protect the confidentiality of Plaintiff's and Class Members' PII and to comply with industry standards and federal and state laws and regulations for the security of this information.

117. Special relationships exist between Defendant and Plaintiff and Class Members. Defendant entered into special relationships with Plaintiff and Class Members, who entrusted their confidential PII to Defendant and paid for services with Defendant.

118. Defendant promised and was obligated to protect the confidentiality of Plaintiff's and Class Members' PII from disclosure to unauthorized third parties. Defendant breached the covenant of good faith and fair dealing by failing to take adequate measures to protect the confidentiality of Plaintiff's and Class Members' PII, which resulted in the Data Breach. Defendant unreasonably interfered with the contract benefits owed to Plaintiff and Class Members by failing to implement reasonable and adequate security measures consistent with

COMPLAINT - 26

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Case 4:21-cv-00886-BCW    Document 1    Filed 08/20/21    Page 26 of 35

industry standards to protect and limit access to the PII of Plaintiff and the Class in Defendant's possession.

119.     Plaintiff and Class Members performed all conditions, covenants, obligations, and promises owed to Defendant, including paying Defendant for services and providing them the confidential PII required by the contracts.

120.     As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and Class Members did not receive the full benefit of their bargain—services with reasonable data privacy—and instead received services that were less valuable than what they paid for and less valuable than their reasonable expectations under the contracts. Plaintiff and Class Members have suffered actual damages in an amount equal to the difference in the value between services with reasonable data privacy that Plaintiff and Class Members paid for, and the services they received without reasonable data privacy.

121.     As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and Class Members have suffered actual damages resulting from the theft of their PII and remain at imminent risk of suffering additional damages in the future.

122.     As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and Class Members have suffered actual damages resulting from their attempt to ameliorate the effect of the Data Breach, including but not limited to taking steps to protect themselves from the loss of their PII.

123.     As a direct and proximate cause of Defendant's conduct, Plaintiff and Class Members suffered injury in fact and are therefore entitled to relief, including restitution, declaratory relief, and a permanent injunction enjoining Defendant from its conduct. Plaintiff also seeks reasonable attorneys' fees and costs under applicable law.

COMPLAINT - 27

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**COUNT VII**
**UNJUST ENRICHMENT**
**(Alternative to Breach of Contract Claim)**
**(On Behalf of the Nationwide Class and Washington Subclass)**

124.    Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

125.    Plaintiff and Class Members conferred a monetary benefit on Defendant in the form of monetary payments—directly or indirectly—for services received.

126.    Defendant collected, maintained, and stored the PII of Plaintiff and Class Members and, as such, Defendant had knowledge of the monetary benefits conferred by Plaintiff and Class Members.

127.    The money that Plaintiff and Class Members paid to Defendant should have been used to pay, at least in part, for the administrative costs and implementation of data management and security. Defendant failed to implement—or adequately implement—practices, procedures, and programs to secure sensitive PII, as evidenced by the Data Breach.

128.    As a result of Defendant's failure to implement security practices, procedures, and programs to secure sensitive PII, Plaintiff and Class Members suffered actual damages in an amount equal to the difference in the value between services with reasonable data privacy that Plaintiff and Class Members paid for, and the services they received without reasonable data privacy.

129.    Under principles of equity and good conscience, Defendant should not be permitted to retain money belonging to Plaintiff and Class Members because Defendant failed to implement the data management and security measures that are mandated by industry standards and that Plaintiff and Class Members paid for.

COMPLAINT - 28

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

130.     Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and the Class all unlawful or inequitable proceeds received by Defendant. A constructive trust should be imposed upon all unlawful and inequitable sums received by Defendant traceable to Plaintiff and the Class.

**COUNT VIII**
**DECLARATORY JUDGMENT**
**(On Behalf of the Nationwide Class and Washington Subclass)**

131.     Plaintiff realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein.

132.     Plaintiff and the Class have stated claims against Defendant based on negligence, negligence per se, gross negligence and negligent misrepresentation, and violations of various state and federal statutes.

133.     Defendant failed to fulfill its obligations to provide adequate and reasonable security measures for the PII of Plaintiff and the Class, as evidenced by the Data Breach.

134.     As a result of the Data Breach, Defendant's system is more vulnerable to unauthorized access and requires more stringent measures to be taken to safeguard the PII of Plaintiff and the Class going forward.

135.     An actual controversy has arisen in the wake of the Data Breach regarding Defendant's current obligations to provide reasonable data security measures to protect the PII of Plaintiff and the Class. Defendant maintains that its security measures were—and still are— reasonably adequate and denies that they previously had or have any obligation to implement better safeguards to protect the PII of Plaintiff and the Class.

136.     Plaintiff seeks a declaration that Defendant must implement specific additional, prudent industry security practices to provide reasonable protection and security to the PII of

COMPLAINT - 29

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff and the Class. Specifically, Plaintiff and the Class seek a declaration that Defendant's existing security measures do not comply with their obligations, and that Defendant must implement and maintain reasonable security measures on behalf of Plaintiff and the Class to comply with their data security obligations.

**COUNT IX**
**VIOLATION OF WASHINGTON DATA BREACH NOTICE ACT,**
**Wash. Rev. Code §§ 19.255.010, *et seq.***
**(On Behalf of the Nationwide Class and the Washington Subclass)**

137.    Plaintiff, individually and on behalf of the Washington Subclass, realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein. This claim is brought individually under the laws of Washington and on behalf of all other natural persons whose Private Information was compromised as a result of the Data Breach.

138.    T-Mobile is a business that owns or licenses computerized data that includes "personal information" as defined by Wash. Rev. Code § 19.255.010(1).

139.    Plaintiff's and Class Members' Private Information includes "personal information" as covered under Wash. Rev. Code § 19.255.010(5).

140.    T-Mobile is required to accurately notify Plaintiff and Class Members following discovery or notification of the breach of its data security program if Private Information was, or is reasonably believed to have been, acquired by an unauthorized person and the Private Information was not secured, in the most expedient time possible and without unreasonable delay under Wash. Rev. Code § 19.255.010(1).

141.    Because T-Mobile discovered a breach of its security system in which Private Information was, or is reasonably believed to have been, acquired by an unauthorized person and

COMPLAINT - 30

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the Private Information was not secured, T-Mobile had an obligation to disclose the data breach in a timely and accurate fashion as mandated by Wash. Rev. Code § 19.255.010(1).

142.    By failing to disclose the Data Breach to Plaintiff and all Class Members in a timely and accurate manner, T-Mobile violated Wash. Rev. Code § 19.255.010(1).

143.    As a direct and proximate result of T-Mobile's violations of Wash. Rev. Code § 19.255.010(1), Plaintiff and Class Members suffered damages, as described above.

144.    Plaintiff and Class Members seek relief under Wash. Rev. Code §§ 19.255.040, including actual damages and injunctive relief.

## COUNT X
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT,
### Wash. Rev. Code Ann. §§ 19.86.020, *et seq*.
### (On Behalf of the Nationwide Class and the Washington Subclass)

145.    Plaintiff, individually and on behalf of the Washington Subclass, realleges and incorporates by reference the allegations contained in each of the preceding paragraphs as if fully set forth herein. This claim is brought individually under the laws of Washington and on behalf of all other natural persons whose Private Information was compromised as a result of the Data Breach.

146.    T-Mobile is a "person," as defined by Wash. Rev. Code Ann. § 19.86.010(1).

147.    T-Mobile advertised, offered, or sold goods or services in Washington and engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined by Wash. Rev. Code Ann. § 19.86.010 (2).

148.    T-Mobile engaged in unfair or deceptive acts or practices in the conduct of trade or commerce, in violation of Wash. Rev. Code Ann. § 19.86.020, including:

COMPLAINT - 31

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

A.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff and Class Members' Private Information, which was a direct and proximate cause of the Data Breach;

B.    Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks, and adequately improve security and privacy measures following previous cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

C.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Data Breach;

D.    Misrepresenting that it would protect the privacy and confidentiality of Plaintiff and Class Members' Private Information, including by implementing and maintaining reasonable security measures;

E.    Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff and Class  Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

F.    Failing to timely and adequately notify Plaintiff and Class Members of the Data Breach;

G.    Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiff and Class Members' Private Information; and

H.    Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

COMPLAINT - 32

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff and Class Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

149.    T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of T-Mobile's data security and ability to protect the confidentiality of consumers' Private Information.

150.    T-Mobile's representations and omissions were material because they were likely to deceive reasonable consumers, including Plaintiff and the Class Members, that their Private Information was not exposed and misled Plaintiff and the Class Members into believing they did not need to take actions to secure their identities.

151.    T-Mobile acted intentionally, knowingly, and maliciously to violate Washington's Consumer Protection Act, and recklessly disregarded Plaintiff and Class Members' rights.

152.    T-Mobile's conduct is injurious to the public interest because it violates Wash. Rev. Code Ann. § 19.86.020, violates a statute that contains a specific legislation declaration of public interest impact, including, but not limited to Wash. Rev. Code §§ 19.255.010, et seq. Alternatively, T-Mobile's conduct is injurious to the public interest because it has injured Plaintiff and Class Members, had the capacity to injure persons, and has the capacity to injure other persons, and has the capacity to injure persons. Further, its conduct affected the public interest, including the thousands, if not millions, of Washingtonians affected by the Data Breach.

153.    As a direct and proximate result of T-Mobile's unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to

COMPLAINT - 33

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Private Information.

154.    Plaintiff and Class Members seek all monetary and non-monetary relief allowed by law, including actual damages, treble damages, injunctive relief, civil penalties, and attorneys' fees and costs.

## VII.    PRAYER FOR RELIEF

Plaintiff, on behalf of himself and on behalf of the proposed Classes, request that the Court:

a.    Certify this case as a class action, appoint Plaintiff as class representative, and appoint Plaintiff's Counsel as Class Counsel for Plaintiff to represent the Class;

b.    Find that T-Mobile breached its duty to safeguard and protect the PII of Plaintiff and Class Members that was compromised in the Data Breach;

c.    Award Plaintiff and Class Members appropriate relief, including actual and statutory damages, restitution and disgorgement;

d.    Award equitable, injunctive and declaratory relief as may be appropriate;

e.    Award all costs, including experts' fees and attorneys' fees, and the costs of prosecuting this action;

f.    Award pre-judgment and post-judgment interest as prescribed by law; and

g.    Grant additional legal or equitable relief as this Court may find just and proper.

## VIII.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

COMPLAINT - 34

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Respectfully submitted,

Dated August 20, 2021                          **KELLER ROHRBACK L.L.P.**


By:      */s/ Juli Farris*
Cari Campen Laufenberg (WSBA 34354)
Gretchen Freeman Cappio (WSBA 29576)
Derek Loeser (WSBA 24274)
Juli Farris (WSBA 17593)
Emma M. Wright (WSBA 56770)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384
claufenberg@kellerrohrback.com
gcappio@kellerrohrback.com
dloeser@kellerrohrback.com
jfarris@kellerrohrback.com
ewright@kellerrohrback.com

Christopher Springer (*pro hac vice* forthcoming)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

COMPLAINT - 35